ACE BEVERAGE COMPANY; Valley Staffing; Richard Levinson, Plaintiffs–Appellees,

v.

LOCKHEED INFORMATION MANAGEMENT SERVICES, Defendant–Appellant,

Parking Violations Bureau; S.E. Rowe, General Manager of the City of Los Angeles Department of Transportation; James K. Hahn, City Attorney for the City of Los Angeles; Leland B. Harris; William R. Chidsey, Jr., Thomas L. Wilhite, Defendants.

No. 96–56316.

United States Court of Appeals, Ninth Circuit.

Submission Deferred Nov. 5, 1997.

Submitted April 21, 1998.[1]

Decided May 20, 1998.

Patrick McAdam, Iverson, Yoakum, Papiano & Hatch, Los Angeles, CA, for defendant–appellant.

Tom Stanley, Tarzana, CA, for plaintiffs–appellees.

Before: CANBY and THOMPSON, Circuit Judges, and MOLLOY,[2] District Judge.

---

1. The panel finds this case appropriate for submission without oral argument pursuant to Fed. R. Appl. P. 34(a) and 9th Cir. R. 34–4.

2. The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

## OPINION

### PER CURIAM:

This interlocutory appeal raises the question whether a private contractor acting under color of state law is entitled to qualified immunity from an action brought pursuant to 42 U.S.C. § 1983. We answer in the negative on the authority of the Supreme Court's recent decision in *Richardson v. McKnight,* — U.S. ——, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997).

### BACKGROUND

Lockheed Information Management Services is a private corporation that processes parking tickets for the City of Los Angeles. Its responsibilities include setting ticket disputes for trial. Ace Beverage Company and other plaintiffs, most of whom operate fleets of commercial vehicles, hired the law firm of Stanley and Shirwo to challenge their parking tickets. Stanley and Shirwo adopted the tactic of challenging every ticket in court; on one occasion, it set 100 tickets for trial.

In apparent retaliation, Lockheed heightened the requirements applied to Stanley and Shirwo's clients for setting ticket disputes for trial. It had previously allowed all violators to set a case for trial by presenting either a copy of the ticket, a notice of a delinquent ticket, or a computer-generated list of parking tickets supplied by the City of Los Angeles. Lockheed continued to apply this policy to other violators, but began to require that Stanley and Shirwo present the original ticket in order to set the matter for trial.

Stanley and Shirwo sued Lockheed and others pursuant to 42 U.S.C. § 1983. The district court dismissed all claims against Lockheed except one based on equal protection. With regard to that claim, the district court held that Lockheed, as a private party, cannot raise a qualified immunity defense to a section 1983 claim. Lockheed appeals the qualified immunity determination.

## DISCUSSION

 The district court's denial of qualified immunity turns on an issue of law and is therefore immediately appealable. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Johnson v. Jones,* 515 U.S. 304, 311–12, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). We review the issue de novo. *Newell v. Sauser,* 79 F.3d 115, 117 (9th Cir. 1996).

*Richardson v. McKnight,* — U.S. ——, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997), is dispositive of this appeal. There the Supreme Court held that employees of a private contractor that operated a prison could not assert qualified immunity from suit under section 1983. The Court relied on the absence of a "firmly rooted tradition" of immunity for private parties in similar circumstances. *Id.,* 117 S.Ct. at 2104–05. The Court also found that policy concerns do not require creating qualified immunity for private contractors. *Id.,* 117 S.Ct. at 2107.

McKnight states its holding narrowly, but in a way that plainly leaves this case within its sweep. It denies immunity in the context of:

> a private firm, systematically organized to assume a major lengthy administrative task (managing an institution) with limited direct supervision by the government, [which] undertakes that task for profit and potentially in competition with other firms.

*Id.,* 117 S.Ct. at 2108. The Court emphasized that it was not presented with a case involving "a private individual briefly associated with a government body, serving as an adjunct to government in an essential governmental activity, or acting under close official supervision." *Id.*[3]

At oral argument, Lockheed maintained that it does not fall within *McKnight's* rule because it is under the close supervision of the City of Los Angeles. The record does not support this contention. The contract between the City and Lockheed provides that Lockheed has the responsibility of general

---

3. In cases decided before *McKnight,* we have adopted a general rule that private parties are not entitled to qualified immunity from actions brought under 42 U.S.C. § 1983. *Howerton v.* *Gabica,* 708 F.2d 380, 385 n. 10 (9th Cir.1983); *Conner v. City of Santa Ana,* 897 F.2d 1487, 1492 n. 9 (9th Cir.1990).

oversight of project activities, while the City will set policy and monitor Lockheed's performance. [See E.R.154–155] This is exactly the type of "limited direct supervision" by government that the Supreme Court found inadequate to confer qualified immunity in *McKnight. See id.* Moreover, the Supreme Court was addressing the question of immunity of employees of a "firm, systematically organized" to undertake a governmental task, as opposed to "a private individual briefly associated with a government body, serving as an adjunct to government . . ., or acting under close official supervision." *Id.* Lockheed is most assuredly in the position of the firm, not the individual, in the Supreme Court's example. *McKnight* therefore controls this case, and Lockheed is not entitled to assert qualified immunity.

The Supreme Court in *McKnight* left open the possibility "that private defendants faced with § 1983 liability . . . could be entitled to an affirmative defense based on good faith and/or probable cause." *Id.*, 117 S.Ct. at 2108 (quoting *Wyatt v. Cole,* 504 U.S. 158, 169, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992)). Like the Supreme Court, we express no opinion on this question.

The district court's order denying Lockheed qualified immunity is

**AFFIRMED.**